# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                     **Criminal Action No. 3:11-CR-67**
                                                               **(BAILEY)**

**BRENDA LEE SWISHER**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR HOME CONFINEMENT

Pending before this Court is defendant's *pro se* Motion for Home Confinement [Doc. 52]. In her motion, the defendant requests "an early release" and permission to serve the remainder of her sentence under home confinement. The reason given for this request is to allow the defendant to return home to help care for her aunt "who is confined to the bed and does not have adequate health care" and to be with her nephew, who has Asperger's Syndrome. This Court finds that it lacks the authority to order the defendant be placed on home monitoring and must deny the Motion.

Under 18 U.S.C. § 3621(b), the Bureau of Prisons (BOP) has exclusive statutory authority to determine an inmate's place of imprisonment. *See* 18 U.S.C. § 3621(b) (2006); **United States v. Alan Lun Wai Ng**, 378 F. App'x 299, 302 (4th Cir. 2010). The relief the defendant seeks is solely within the discretion of the BOP and any order from this Court would be a recommendation to the BOP to consider placing the defendant under electronic home monitoring prior to release. *See* 18 U.S.C. § 3624(c) (permitting the Bureau of Prisons to place a prisoner in home confinement); **Pennavaria v. Gutierrez**, 2008 WL

1

619197, at *9 (N.D.W. Va. Mar. 4, 2008) (Stamp, J.).

Even if this Court were inclined to make such a recommendation, a district court may modify a defendant's sentence only within the confines of 18 U.S.C. § 3582(c). **Freeman v. United States**, 131 S. Ct. 2685 (2011). Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so.

In the instant case, the Bureau of Prisons did not move for a reduction and the Sentencing Commission did not amend the applicable Guidelines range. The defendant has not pointed out any statute permitting this Court to modify her sentence and under Rule 35 of the Federal Rules of Criminal Procedure, a sentence may be corrected for clerical error within seven (7) days after sentencing, and the Court may reduce a sentence for substantial assistance upon motion of the Government. Neither is applicable in this case. Therefore, 18 U.S.C. § 3582(b) has no application.

For the reasons stated above, the defendant's *pro se* Motion for Home Confinement **[Doc. 52]** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** March 22, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE