# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Martinsburg

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                                   **Criminal No. 3:11-CR-67**
                                                                                     **Civil Action No. 3:13-CV-83**

**BRENDA LEE SWISHER**,                                       Judge Bailey

    Defendant.

## ORDER DENYING MOTION TO VACATE SENTENCE

The defendant, Brenda Lee Swisher, has filed a *pro se* Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255(e) in Light of the Recent Supreme Court Decision in ***Alleyne v. United States*** (No. 11-9335) June 17, 2013 [Crim. Doc. 56 / Civ. Doc. 1]. In her Motion, Ms. Swisher contends that her sentence is unconstitutional under ***Alleyne,*** which held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the maximum, must be submitted to a Jury, and proved beyond a reasonable doubt." [Id.].

In fact, ***Alleyne v. United States***, 133 S.Ct. 2151, 2155 (2013), held that any fact that increases a **mandatory minimum sentence** for a crime is an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt.

The ***Alleyne*** decision provides no relief to the defendant in this case. Ms. Swisher was indicted in a two count indictment on November 15, 2011 [Doc. 22]. Count 1 charged the defendant with solicitation to commit a crime of violence, while Count 2 charged the defendant with causing interstate travel in the commission of murder-for-hire [Id.].

On December 29, 2011, the defendant executed a plea agreement, under which she agreed to enter a plea to Count 1. The maximum penalty under the plea agreement was five years imprisonment, supervised release of three years, and a mandatory special assessment of $100.00 [Doc. 39]. On January 11, 2012, the defendant entered her plea of guilty to Count 1 [Doc. 41].

Pursuant to the plea, a presentence investigation report ("PSR") was prepared. The PSR found a base offense level of 33, plus a 4 level enhancement for the offer and receipt of money for undertaking the murder and less three levels for acceptance of responsibility [Doc. 49]. The criminal history category was I, resulting in an advisory guideline sentence of 151-188 months, which was capped at 60 months by the maximum.

At sentencing, this Court adopted the PSR without change and noted that the conviction did not carry a mandatory minimum sentence [Doc. 51]. The Court sentenced the defendant to a term of 60 months [Doc. 50].

Inasmuch as there were no facts found that increased either the mandatory minimum sentence nor that increased the maximum sentence, the defendant's reliance on *Alleyne* is misplaced.

For the above reasons, the defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255(e) in Light of the Recent Supreme Court Decision in *Alleyne v. United States* (No. 11-9335) June 17, 2013 **[Crim. Doc. 56 / Civ. Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter a separate judgment in favor of the United States.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the defendant a certificate of appealability, finding that she has failed to make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* defendant.

**DATED:** July 18, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE